UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN MELTON<br>2519 Herbert Drive<br>Northfield NJ 08225<br><br>        Plaintiff,<br><br>    v.<br><br>RESORTS INTERNATIONAL HOTEL, INC.<br>133 Boardwalk<br>Atlantic City, NJ 08401<br><br>   and<br><br>DGMB CASINO, LLC d/b/a RESORTS<br>133 Boardwalk<br>Atlantic City, NJ 08401<br><br>   and<br><br>GOMES GAMING, INC.<br>133 Boardwalk<br>Atlantic City, NJ 08401<br><br>   and<br><br>DENNIS GOMES<br>c/o GOMES GAMING INC.<br>133 Boardwalk<br>Atlantic City, NJ 08401<br><br>         Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Damien Melton (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendants Resorts International Hotel, Inc., DGMB Casino, LLC d/b/a Resorts, Gomes Gaming, Inc. and Dennis Gomes (hereinafter "Defendants").

1

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff was terminated from employment due to his disability or perceived disability and for taking protected absences, in violation of the FMLA and NJLAD. As a result of this action, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA, 29 U.S.C. § 2601 *et seq*. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Resorts International Hotel, Inc. (hereinafter "Defendant RIH") is a New Jersey Corporation which operates/operated a principal place of business at the address located in the caption above.

8. Defendant DGMB Casino, LLC d/b/a Resorts (hereinafter "Defendant DGMB") is a New Jersey Corporation which operates a principal place of business at the address located in the caption above.

9. Defendant Gomes Gaming, Inc. (hereinafter "Defendant Gomes Gaming") is a New Jersey Corporation which operates a principal place of business at the address located in the caption above.

10. Defendant Dennis Gomes (hereinafter "Defendant Gomes"), is an officer of Defendant DGMB and Defendant Gomes who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants terminating Plaintiff's employment in violation of Plaintiff's rights under the FMLA and NJLAD.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. In or around 2004, Plaintiff was hired by Defendant RIH as a door greeter at the Resorts Casino in Atlantic City, NJ.

14. In or around 2005, Plaintiff applied for and was granted intermittent FLMA leave due to his suffering from diabetes (hereinafter Plaintiff's "Medical Condition").

15. Plaintiff reapplied for and was approved for intermittent FMLA leave each year from 2005 through 2010.

16. From January 2010 until December 2010, Plaintiff reported late to work on approximately 5-10 occasions due to his Medical Condition.

17. Additionally, from January 2010 until December 2010, Plaintiff was absent from work on approximately six days due to his Medical Condition.

18. Each time Plaintiff was late to work or needed leave from work due to his Medical Condition, he notified his employer of same.

19. In or around September 2010, Plaintiff received notice from Defendant RIH that ownership and management of the Resorts Casino was being transferred to Defendant DGMB, Defendant Gomes Gaming and Defendant Gomes.

20. Upon information and belief, in or around early December 2010, Defendant RIH transferred all or part of its ownership interest in the Resorts Casino to Defendant DGMB, Defendant Gomes Gaming and Defendant Gomes.

21. Defendant DGMB, Defendant Gomes Gaming and Defendant Gomes, upon acquiring an ownership interest in Resorts Casino became successors and/or integrated and/or joint employers.

22. On or before December 5, 2010, Department Manager Paul McCarthy and Front Desk manager Dale Fabrizio informed Plaintiff that Defendants had determined he was "no longer a good fit."

23. On December 5, 2010, Defendants sent Plaintiff an email stating that they were not going to allow Plaintiff to continue his employment and had "decided to interview other candidates for the position of Door person," in effect firing Plaintiff.

24. In fact, Defendants terminated Plaintiff's because he had taken FMLA-protected leave and because of his disability and/or perceived disability.

25. Upon information and belief, in or around the time of transfer of ownership of Resorts Casino, Defendants terminated and/or decided not to continue the employment of a number of Resorts Casino employees who had requested FMLA leave and/or accommodations due to his health issues in the past.

26. As a result of Defendants' aforesaid conduct, Plaintiff suffered damages.

## COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. Defendants are an employer within the meaning of the FMLA.

29. Plaintiff was an eligible employee under the definitional terms of the FMLA.

30. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current or proceeding calendar year.

31. Plaintiff required time off from work for a serious health condition.

32. Plaintiff was entitled to receive leave pursuant to the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, because he had an FMLA qualifying health condition.

33. Defendants were not permitted to retaliate against Plaintiff for exercising his rights pursuant to the FMLA.

34. .Defendants interfered with Plaintiff's FMLA rights by terminating him/not continuing his employment to prevent him from taking further FMLA leaves.

35. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Defendants retaliated against Plaintiff by and firing him/not continuing his employment for having FMLA-qualifying leave.

38. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Disability/Perceived Discrimination)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. At all times relevant herein, Plaintiff's Medical Conditions rendered him an individual with a disability under the NJLAD.

41. At all times relevant herein, Plaintiff was perceived by Defendants to be suffering from a disability.

42. Plaintiff was terminated/his employment was not continued by Defendants because he suffered from a disability and/or because Defendant perceived him as being disabled.

43. Defendants' actions as aforesaid constitute violations of the NJLAD.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Failure to Accommodate)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Plaintiff requested a reasonable accommodation from Defendants in that he sought to be permitted to take various leaves caused by his Medical Conditions and/or treatment for his Medical Conditions.

46. Defendants could have continued to grant Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

47. Defendants' aforementioned conduct is in violation of the New Jersey Law Against Discrimination.

## COUNT V
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Retaliation)**

48. The foregoing paragraphs are incorporated herein as if set forth in full.

49. Plaintiff requested a period of time off from work due to a disability.

50. Requesting an accommodation for a disability and accepting the accommodation are clearly protected activities under the NJLAD.

51. Defendants terminated Plaintiff/did not continue his employment because he requested the aforementioned accommodations.

52. Defendants' aforementioned conduct constitutes retaliation pursuant to the NJLAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future (liquidated damages are sought under the FMLA);

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Justin Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Manali Arora, Esq.
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
(856) 685-7420
(856) 685-7417 Fax

Dated: October 25, 2011